**UNITED STATES of America,
Appellee,**

v.

**Aaron Odell CRANK, Appellant.**

**No. 26428.**

United States Court of Appeals,
Ninth Circuit.

Feb. 3, 1971.

---

Ronald J. Meltzer, Seattle, Wash. (argued), of Koenigsberg, Brown, Sinsheimer & Meltzer, Seattle, Wash., for appellant.

Richard G. McBroom, Jr. (argued), Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Before: KOELSCH, CARTER and WRIGHT, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

Appellant appeals from a denial of a petition for relief under 28 U.S.C.A. § 2255, without an evidentiary hearing. We affirm.

Appellant had been charged in two indictments with various offenses under the narcotic laws. On February 14, 1969 he withdrew his plea of not guilty to Count II of one indictment, and Count VIII of the other, entered pleas of guilty and was subsequently sentenced to 10 years imprisonment on each count, to run concurrently.

Appellant contends (1) that there was a failure to comply with Rule 11, Fed. Rules of Crim. Procedure at the time his guilty pleas were entered, and (2) that he should have been afforded an evidentiary hearing on his contention that his guilty pleas were coerced by threats and promises of his own attorney.

The district judge advised him of the penalty on each count and properly inquired and ascertained that his pleas were voluntary. Both charges were read to appellant. Count VIII in indictment No. 51578 alleged that he and one Theresa Miller, sold and distributed heroin which was not in or from the original stamped package, to Seattle police officer Rodeghier, in violation of 26 U.S.C. § 4704(a) and 18 U.S.C. § 2. Count II in indictment No. 51586 alleged that he and one Joyce Ball, sold and distributed heroin which was not in or from the original stamped package, to Seattle police officer Rodeghier and Federal Narcotics agent Abbey, in violation of 26 U.S.C. § 4704(a) and 18 U.S.C. § 2.

After the trial judge read Count II, the appellant denied he ever sold heroin to a police officer. The United States Attorney then recited the government's evidence as to Count II showing the appellant delivered the heroin to one Joyce Ball, who in turn delivered it to the officer. The court then advised the appellant that if he aided and abetted he was liable as a principal. The court specifically inquired if appellant had deliv-

ered the heroin to Ball and the appellant admitted he had.

The trial court stated that the same advice would apply to Count VIII. The trial court, however, did not specifically go through the facts as to Count VIII. Obviously the aiding and abetting explanation applied to each count, and had the advice been separately given to the appellant, it would have been the same.

We think there was complete compliance with Rule 11, as to Count II and sufficient compliance as to Count VIII. However, the concurrent sentence doctrine set forth in Hirabayashi v. United States (1943) 320 U.S. 81, 105, 63 S.Ct. 1374, 87 L.Ed. 1774, renders further discussion unnecessary.

■ As to appellant's contention that his plea was coerced by promises and threats from his retained trial counsel, the record shows neither promises nor threats. It was stipulated at the argument on the appeal that Irving C. Paul, Jr., his trial counsel, was one of the most experienced and competent attorneys in criminal matters in the Washington Bar. No representations were made by the attorney that either the United States Attorney or the district court had agreed to any particular sentence. Mr. Paul frankly stated to the appellant that he did not have "a leg to stand on" and should enter a plea of guilty; that he thought the judge would give appellant a sentence of 2 to 5 years; that if appellant stood trial he would be convicted and would probably end up by getting a 20 to 30 year sentence when the facts were all presented to the trial judge.

We know of no case, and none has been cited, where a defendant successfully contended that his plea was coerced by retained, competent counsel, when all that the counsel did was to give honest advice. See generally, North Carolina v. Alford (1970) 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.

The judgment is affirmed.