UNITED STATES of America, Appellee,

v.

Ronald RICH, Appellant.

No. 862, Docket 74–2681.

United States Court of Appeals, Second Circuit.

Argued April 16, 1975.

Decided April 16, 1975.

William B. Gray, Asst. U. S. Atty. (George W. F. Cook, U. S. Atty. for the District of Vermont, Jerome F. O'Neill, Asst. U. S. Atty., of counsel), for appellee.

Timothy J. O'Connor, Jr., Brattleboro, Vt. (Leo F. Barile, Jr., Brattleboro, Vt., of counsel), for appellant.

Before KAUFMAN, Chief Judge, SMITH and TIMBERS, Circuit Judges.

PER CURIAM:

We affirmed in open court[1] Judge Holden's refusal to allow Rich to with-

---

1. Rule § 0.23 of the United States Court of Appeals for the Second Circuit provides in pertinent part:

Where a decision is rendered from the bench, the court may deliver a brief oral statement . . . Since these statements do not constitute formal opinions of the court and are unreported and not uniformly available to all parties, they shall not be cited or otherwise used in unrelated cases before this or any other court.

862

draw his guilty plea pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure.[2] Rich claimed his counsel had "guaranteed him" that if he were dissatisfied with his sentence, i. e., if he were sentenced to consecutive terms, he would be permitted to withdraw his plea. Rich argued that this misrepresentation incurably infected the voluntariness of his decision to plead. After a hearing, Judge Holden rejected Rich's claim, finding no showing that withdrawal of the plea was necessary to correct a manifest injustice. See Fed.R.Crim.P. 32(d).

 After carefully reviewing the record, we concluded that Judge Holden's determination was not clearly erroneous, and therefore should not be disturbed on review. See United States v. Lombardozzi, 436 F.2d 878 (2d Cir.), cert. denied, 402 U.S. 908, 91 S.Ct. 1379, 34 L.Ed.2d 688 (1971); United States v. Giuliano, 348 F.2d 217 (2d Cir.), cert. denied, 382 U.S. 946, 86 S.Ct. 406, 15 L.Ed. 354 (1965). Because the issue presented in this case has implications for the administration of criminal justice in our circuit, however, we decided to file this brief per curiam, reproducing relevant portions of the statement delivered by the Chief Judge in open court:

Even assuming Rich's counsel guaranteed Rich that he could withdraw his plea if dissatisfied with his sentence, we cannot say Judge Holden was wrong or abused his discretion in finding no "manifest injustice." Rich and his counsel were fully aware that Judge Holden had the power to sentence Rich to consecutive terms. More importantly, Judge Holden cautioned Rich that whatever his counsel might have privately represented by way of professional advice was in no way binding on the court. Indeed, Judge Holden specifically asked Rich if there were any promises or understandings regarding his plea which were not mentioned in open court. Rich, who understood the question to include his attorney's alleged guarantee, responded in the negative.

If Judge Holden had sustained Rich's argument and permitted him to withdraw his plea, he would, in effect, allow an alleged guarantee by counsel to become self-operative. We hold that so long as the trial judge has fully and clearly inquired of the defendant's understanding concerning the plea, the process should not be frustrated by secret agreements between the defendant and his counsel.

**2.** Rule 32(d) provides:

*Withdrawal of Plea of Guilty.* A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.