Wayne C. FULTON, Appellant,

v.

STATE of Alaska, Appellee.

No. 4984.

Court of Appeals of Alaska.

July 16, 1981.

---

Phillip Paul Weidner, Drathman & Weidner, Anchorage, for appellant.

Elizabeth H. Sheley, Asst. Atty. Gen., Sp. Prosecutions and Appeals, Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Wayne Fulton has appealed to this court from the superior court's denial of his motion to withdraw his guilty plea under former Alaska R.Crim.P. 32(d).[1] Fulton was indicted by the grand jury for intimidating a witness in violation of former AS 11.30.-320.[2] On January 8, 1979, he entered a plea

1. Former Alaska R.Crim.P. 32(d) read in part as follows:

(d) *Plea Withdrawal.*

(1) The court shall allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct manifest injustice.

. . . . .

(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant demonstrates that:

(aa) He was denied the effective assistance of counsel guaranteed to him by constitution, statute or rule,

. . . . .

(cc) The plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed,

. . . . .

(iii) The defendant may move for withdrawal of his plea without alleging he is innocent of the charge to which the plea has been entered.

(2) Once the plea has been accepted by the court and absent a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right. Before sentence, the court may in its discretion allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.

These provisions are now contained in Alaska R.Crim.P. 11(h).

2. Former AS 11.30.320 states in pertinent part:

A person, upon conviction, is punishable by a fine of not more than $5,000, or by imprison-

of not guilty to that charge. On May 22, 1979, Fulton changed his plea from not guilty to nolo contendere in front of Judge Carlson. Judge Carlson questioned Fulton on the nolo contendere plea and ultimately accepted that plea. On June 29, 1979, Judge Carlson sentenced Fulton to a three-year suspended imposition of sentence, requiring Fulton to serve one year in jail as a special condition of probation. In addition, Judge Carlson ordered that Fulton would not be eligible for parole.

On July 10, 1979, Fulton substituted Phillip Weidner for John Hellenthal as his counsel. Weidner informed the court he would be filing a motion to withdraw Fulton's plea and filed this motion. The state filed an opposition and an evidentiary hearing was held by Judge Carlson on September 6, 1979. The court denied the motion to withdraw the plea and this appeal followed.

Fulton has alleged several grounds in support of his motion to withdraw his guilty plea. We find it necessary to reach only his allegation that his plea was obtained in violation of Alaska R.Crim.P. 11(d).[3]

The state concedes that Alaska R.Crim.P. 11(d) was violated when the court took Fulton's plea because Fulton was never asked whether his plea was "the result of force or threats or of promises apart from a plea agreement." In addition the court made no inquiry as to "whether the defendant's willingness to plead guilty or nolo contendere result[ed] from prior discussions between the attorney for the state and the defendant or his attorney." Federal decisions interpreting Fed.R.Crim.P. 11, which is similar to the Alaska rule, hold that if the defendant's guilty plea is obtained in violation of that rule the defendant may move to withdraw his guilty plea. When the defendant makes such a motion, his plea is automatically set aside and he is allowed to enter a plea of not guilty. *McCarthy v. United States*, 394 U.S. 459, 468–69, 89 S.Ct. 1166, 1172, 22 L.Ed.2d 418, 426–27 (1969). However, the Supreme Court of Alaska in *Lewis v. State*, 565 P.2d 846 (Alaska 1977), decided not to follow the federal decisions but chose instead to decide cases where pleas were taken in violation of Alaska R.Crim.P. 11 on a case-by-case basis.[4] When there is a violation of the requirements of Rule 11, "the burden is upon the state to prove by a preponderance of the evidence that there was substantial compliance with the provisions of Rule 11 by the trial court." *Joe v. State*, 565 P.2d 508, 513 (Alaska 1977).

At the evidentiary hearing on his motion to withdraw his guilty plea, Fulton testified that his original attorney, John Hellenthal, had assured him that he would not be sentenced to serve time in jail. Fulton produced several other witnesses who testified to statements that Hellenthal made to Fulton that Fulton would not be sentenced to jail. Fulton's testimony was that he relied on his attorney's assurances that he would not go to jail and assumed that either there was an agreement with the prosecution or that he could not legally be sentenced to jail as a first offender on this kind of charge. Additionally Fulton testified that Hellenthal encouraged him to enter a guilty plea, telling him he could withdraw the plea if he had second thoughts. When Fulton then attempted to get Hellenthal to withdraw his plea before sentencing, Hellenthal told Fulton he could

---

ment for not less than one year nor more than five years, or by both, if he
   (1) ... by a threatening ... communication, endeavors to influence, intimidate, or impede a witness in a court of this state ... in the discharge of his duty ....

**3.** Alaska R.Crim.P. 11(d) reads as follows:
   The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of prom-

ises apart from a plea agreement. The court shall also inquire of the prosecuting attorney, defense counsel and the defendant himself to determine whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the state and the defendant or his attorney.

**4.** Chief Justice Rabinowitz and Justice Boochever voted to follow the federal view in dissents in *Lewis, id.* at 854–55, and *Solberg v. State*, 568 P.2d 1, 3 (Alaska 1977).

not withdraw his plea and that he would withdraw as his attorney if such an attempt were made.[5] Neither the state or Fulton chose to call Hellenthal.[6] The state called no witnesses at the evidentiary hearing so that only the testimony of Fulton and his witnesses was before the court, along with the court record of Fulton's pretrial hearings.

■ Judge Carlson ruled that the burden of proof was on Fulton to show that his plea was not voluntary and further ruled that manifest injustice had not been shown. He therefore concluded that Fulton could not withdraw his guilty plea. Although the burden of proof is on the defendant to show manifest injustice in order to withdraw his plea under former Alaska R.Crim.P. 32(d),

as we have pointed out earlier this is not the standard when there has been a violation of Rule 11 in taking the defendant's plea. The judge should have placed the burden of proof on the state to show substantial compliance with Rule 11.

■ With the burden of proof properly allocated we believe it is clear that the state has not established substantial compliance with Rule 11. In taking Fulton's plea the court never inquired whether there was any plea agreement or whether Fulton's plea was the result of any promises.[7] The court record of other proceedings does not establish that Fulton was aware that he could be sentenced to a term of imprisonment at the discretion of the trial judge.[8] Given the

5. Plea withdrawal before sentencing is granted much more liberally than after sentencing. *See* former Alaska R.Crim.P. 32(d)(2), current Alaska R.Crim.P. 11(h)(2), and *Love v. State*, 630 P.2d 21 (Alaska App. 1981). We note that before sentencing Fulton was not asked whether he understood the meaning of his plea or whether it was freely and voluntarily entered. Alaska R.Crim.P. 32(a) reads in part as follows:

> If the defendant is being sentenced following a plea of guilty or nolo contendere the court shall question the defendant to ascertain that he understood the meaning of his plea and that it was freely and voluntarily entered.

Fulton argues that the trial court, prior to sentencing, should have asked him to reaffirm his plea under the requirements of Alaska R.Crim.P. 32(a) and that since this rule was not complied with he should be allowed to withdraw his plea. The state argues that Alaska R.Crim.P. 32(a) is complied with when the plea is originally taken under the provisions of Alaska R.Crim.P. 11 and that the defendant does not have to reaffirm his plea prior to sentencing. We do not have to resolve this issue at this time because we base our decision solely on the violation of Alaska R.Crim.P. 11(d).

6. The attorney-client privilege is waived when a client files a motion which puts in issue the advice which he received from his attorney. *Lewis v. State*, 565 P.2d 846, 850 n.4 (Alaska 1977). Thus either the state or Fulton could have called Hellenthal.

7. In entering his plea Fulton was asked if anyone was forcing him to plead guilty but he was not asked about promises or plea agreements. He was informed that the maximum sentence was five years in jail and a $5000 fine. According to Fulton, Hellenthal told him the maximum sentencing provisions did not apply to him as a first offender. When Fulton entered his guilty

plea he was not informed that former AS 11.-30.320 specified a minimum penalty of not less than one year. *See supra* note 2. Since Fulton was a first offender and had an excellent employment record, the existence of the statutory minimum sentence was particularly significant in his case. In fact the trial judge did sentence Fulton to one year of imprisonment. Alaska R.Crim.P. 11(c)(3) requires a defendant to be told "of the mandatory minimum punishment ... provided by the statute defining the offense to which the plea is offered ...." Although an argument can be made that this rule may not apply to statutes such as former AS 11.30.320 because under former AS 11.05.150 the court can impose less than the minimum statutory penalty, it clearly would have been the better practice for the court to have informed Fulton of this provision.

8. Most cases which involve requests to withdraw guilty pleas on the basis of a promise from the defendant's own attorney are cases where the attorney has allegedly represented that he has a plea bargain with the government for a particular sentencing arrangement. *See e. g., United States v. Becklean*, 598 F.2d 1122 (8th Cir. 1979), *cert. denied*, 444 U.S. 864, 100 S.Ct. 135, 62 L.Ed.2d 87. Statements from the defendant's own attorney expressing a personal opinion as to what sentence a court will impose will not normally render a plea involuntary. *See United States v. Crank*, 438 F.2d 635, 637 (9th Cir. 1971); *Holland v. United States*, 406 F.2d 213, 216 (5th Cir. 1969). However, it seems clear that at some point a counsel's assurances may render a plea involuntary. The plain language of Rule 11(d) seems to encompass any "promises apart from a plea agreement," including a promise from the defendant's counsel. *Cf. Wellnitz v. Page*, 420 F.2d 935, 936 (10th Cir. 1970); *United States v.*

testimony of Fulton and his witnesses we conclude that substantial compliance with Rule 11 has not been shown by the state.[9] On this record Fulton's guilty plea should be set aside.

This case is REMANDED for further proceedings not inconsistent with this opinion.

*Rich*, 516 F.2d 861, 862 (2nd Cir. 1975). These problems can be met by careful compliance with Rule 11. *See Winkler v. State*, 580 P.2d 1167, 1169–1170 (Alaska 1978); *United States v. Rich*, 516 F.2d at 862.

9. Judge Carlson ruled before the evidentiary hearing was held that the burden of proof was on Fulton to show manifest injustice and that the burden was on Fulton to call Hellenthal as a witness. Because of these two rulings the state may argue that it would have conducted the evidentiary hearing in a different manner had the trial court indicated that the burden of proof was on the state to show substantial compliance with Rule 11. Any motion to allow the state to reopen the evidence in this case must be addressed to the trial court, and we express no opinion on the merits of that motion. Our opinion that the state has not established substantial compliance with Rule 11 is, of course, based on the record before us at this time.