**Scott AIKEN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1498.**

Court of Appeals of Alaska.

Jan. 9, 1987.

represent himself, however, and limited his request to "lay" counsel which we held the trial court properly refused.

Paul Malin, Asst. Public Defender, Dana Fabe, Public Defender, Anchorage, for appellant.

Valerie Van Brocklin, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

Scott Aiken pled no contest to the charge of driving while intoxicated. AS 28.35.-030(a)(1) and (2). Prior to sentencing, Aiken argued that he should be allowed to withdraw his plea of no contest to a 1980 conviction for operating a motor vehicle while intoxicated. Aiken also argued, in the alternative, that his prior conviction be disregarded for purposes of the DWI mandatory minimum sentencing scheme. *See* AS 28.35.030(c). On appeal, Aiken contends that the court erred in denying his motion because the plea in the earlier case was taken in violation of Alaska Criminal Rule 11(c) and AS 47.10.010(b). We reverse.

In the November 18, 1980 proceeding, Aiken, who was a minor at the time, appeared before then District Court Judge John W. Bosshard, III. Aiken's attorney, William Bixby, appeared with him. Aiken's parents were not present at this proceeding, and it is unclear whether a parent was notified of the proceeding. The court asked Bixby, "Are you willing to waive, on behalf of your client, the full reading and advisement of rights and penalties?" The attorney answered yes, and entered a no contest plea to the charge of "operating a motor vehicle when there was 0.10 grams of alcohol per 210 liters of breath."

The court then personally addressed Aiken:

COURT: You heard the statement of your attorney that you wish to enter a no contest plea to this charge. That is tantamount to a guilty plea and the result is a conviction on your record. Is it your desire to enter that plea this afternoon?

AIKEN: Yes.

COURT: Has anyone made any threats or promises to you in order to get you to enter that plea?

AIKEN: No.

COURT: Do you understand the maximum and mandatory minimum penalties and the nature of the charge?

AIKEN: Yes.

COURT: And do you understand that by entering a no contest plea you give up your rights to a trial and the presumption of innocence?

AIKEN: Yes.

COURT: Very well. You may be seated.

During his sentencing argument Aiken's counsel mentioned that Aiken still was "in school," that this was his first offense, that he had no income, and that his conduct did not pose a menace to society, but did not otherwise indicate that Aiken was a minor.

On appeal, Aiken argues that the court failed to comply with Rule 11(c) in that the court did not tell Aiken that he had a right to a jury or court trial and to confront witnesses; did not explain the mandatory minimum and the maximum penalties; and, did not tell him he could persist in his not guilty plea.[1] Aiken also contends that the

---

1. Alaska Criminal Rule 11(c) states:

   Pleas of Guilty or Nolo contendere. The court shall not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and
   (1) determining that he understands the nature of the charge; and

   (2) informing him that by his plea of guilty or nolo contendere he waives his right to trial by jury or trial by a judge and the right to be confronted with the witnesses against him; and
   (3) informing him:
   (i) of the mandatory minimum punishment, if any, and the maximum possible pun-

court violated AS 47.10.010(b) which requires that a parent of a minor defendant be present at all court proceedings.[2]

In denying Aiken's motion to withdraw his plea, the court concluded that it had substantially complied with Rule 11 in the 1980 proceeding. The court also concluded that the violation of AS 47.10.010(b) was harmless error since Aiken's attorney had done at least as good a job of protecting Aiken's rights as his parents could have, had they been there.

With regards to the first issue on appeal, the state concedes that the court did not comply with the exact requirements of Rule 11(c). The state nevertheless argues that reversal is not required because the court correctly found that it had "substantially complied" with the rule in the 1980 proceeding. *Lewis v. State*, 565 P.2d 846 (Alaska 1977).

■ The state also argues that since the court did ask Aiken if he understood the maximum and mandatory minimum penalties for DWI, and Aiken responded affirmatively, the court substantially complied with Rule 11(c)(3)(i). In *Williams v. State*, 616 P.2d 881 (Alaska 1980), a court's inquiry as to whether the defendant understood what an attorney could do for him and the defendant's affirmative response was sufficient compliance with Rule 39(b)(3) (requiring that the court shall appoint counsel unless a defendant demonstrates that he understands and waives the benefits of counsel). Analogously, we find that the court's inquiry in this case was sufficient, taking into account the simplicity of the charges, Aiken's response that he understood the penalties, and the fact that he was represented by counsel,

who had in all likelihood informed him of the penalties flowing from a conviction. We therefore conclude that Aiken has not demonstrated that the court's noncompliance affected his substantial rights. *Lewis,* 565 P.2d at 851–53.

■ Next, Aiken contends that the court failed to advise him that he had a right to persist in his plea of not guilty. Alaska R. Crim. P. 11(c)(3)(ii). The court clearly did not comply with this requirement so the question on appeal is whether Aiken can show that his substantial rights were affected by the court's failure to so advise him. *Lewis,* 565 P.2d 846. Aiken argues that this defect in the proceeding did have an impact, suggesting that the case against Aiken was not that strong. Nevertheless, Aiken has not argued or submitted any proof that he would have persisted in his plea of not guilty but for the advice of counsel. *Compare Fulton v. State,* 630 P.2d 1004, 1006–07 (Alaska App.1981) (defendant produced evidence of his attempt to withdraw plea; state failed to offer evidence of substantial compliance to Rule 11, and case was remanded). Therefore, we cannot find that this error affected Aiken's substantial rights.

Finally, Aiken argues that since AS 47.-10.010(b) requires that parents of a minor defendant be present at all criminal proceedings, including those pertaining to traffic offenses, Aiken must be allowed to withdraw his plea. Judge Bosshard found that although there had been a technical violation of the statute, Aiken's rights had been sufficiently protected by his attorney, an experienced trial counsel.[3] Below and on appeal, Aiken argues that an attorney

---

ishment provided by the statute defining the offense to which the plea is offered, and
(ii) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, or to plead guilty.

2. Alaska Statute 47.10.010(b) provides in relevant part:

When a minor is accused of violating a traffic statute or regulation ... the procedure prescribed in AS 47.10.020–47.10.090 may not be followed, except that a parent, guardian or legal custodian *shall be present* at all proceed-

ings. The minor accused of a traffic offense ... shall be charged, prosecuted, and sentenced in the district court in the same manner as an adult (emphasis added).

3. The state cites *Wagstaff v. Superior Court, Family Court Division,* 535 P.2d 1220 (Alaska 1975), for the proposition that a juvenile may be entitled to counsel over parental objection. We agree but conclude that the right to counsel and the right to parental presence are independent.

will not necessarily protect a minor's rights because the parents' concerns may not necessarily be "legal concerns."

■■■ The legislature has not indicated a sanction for a violation of this statute. In the absence of a showing that Aiken's rights were substantially impaired by his parents' absence, we hesitate to find that, as a matter of law or fact, Judge Bosshard's finding that Aiken's interests as a minor were adequately protected by experienced trial counsel was clearly mistaken. Nevertheless, AS 47.10.010(b) provides that the parent or a guardian *ad litem* "shall be present."[4] We therefore conclude that parental presence is a prerequisite to convic-

tion. In the absence of anything in the record establishing substantial compliance with the parental presence requirement, we hold that Aiken's prior conviction was void and could not be considered by the trial court as a prior conviction mandating enhanced penalties.[5]

The judgment of the district court is REVERSED.

---

4. Nothing in the record purports to establish a waiver of Aiken's parents' presence or his parents' refusal to attend. If Aiken's parents were unavailable, the court could appoint a guardian *ad litem.* In the absence of proof that Aiken's parents were unavailable and that Aiken's attorney was specifically informed he should act as guardian ad litem, we are unable to say that the legislature would have viewed Aiken's lawyer as an acceptable substitute for his parents. Our concern is that this record does not explain the parents' absence or indicate that Aiken with the advice of counsel explicitly waived his parents' presence.

5. Vacating Aiken's conviction would preclude its use for purposes of mandatory second offender

DWI penalties. Parental absence is not, however, the conceptual equivalent of an uncounseled plea. *See U.S. v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (court may not consider prior conviction for purposes of sentence enhancement if obtained in violation of defendant's rights). Verified information concerning the circumstances of the prior DWI could thus still be considered by the sentencing court in determining an appropriate sentence. *Cf. Lee v. State,* 673 P.2d 892 (Alaska App.1983) (court may consider prior conviction as verified information for sentencing purposes even though conviction does not trigger presumptive sentencing).