**Newton LINDOFF, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–10323.

Court of Appeals of Alaska.

Feb. 12, 2010.

Doug Miller, Assistant Public Advocate, Appeals & Statewide Defense Section, and Rachel Levitt, Public Advocate, Anchorage, for the Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

*OPINION*

MANNHEIMER, Judge.

Alaska Criminal Rule 11(c) contains a list of warnings and advisements that a judge must give to a criminal defendant, as well as questions that the judge must pose to the defendant, before the judge accepts the defendant's plea of guilty or no contest. This appeal requires us to examine and interpret the rules that apply when a defendant seeks to withdraw a plea of guilty or no contest based on the assertion that the judge who accepted their plea failed to comply with one or more of the provisions of Criminal Rule 11(c).

The defendant, Newton Lindoff, was indicted for attempted first-degree sexual assault, second-degree sexual assault, and two counts of first-degree burglary arising from an incident in Hoonah. Ultimately, Lindoff reached a plea bargain with the State; Lindoff agreed to plead guilty to attempted second-degree sexual assault, and the State agreed to drop the other charges.

Attempted second-degree sexual assault is a "sex offense" for purposes of Alaska's sex offender registration act. *See* AS 12.63.100(6)(C)(i). Criminal Rule 11(c)(4) states that when a defendant is offering a guilty plea to a sex offense, the judge taking the defendant's plea must "inform [ ] ... the defendant in writing of the [registration] requirements of AS 12.63.010 and, if it can be determined by the court, the period of registration required under AS 12.63".

During Lindoff's change-of-plea hearing, Superior Court Judge Philip M. Pallenberg mentioned to Lindoff that, because he was going to be convicted of a sex offense, he would have to register as a sex offender. However, Judge Pallenberg did not alert Lindoff that defendants convicted of two or more sex offenses must register for life (as opposed to the fifteen-year registration requirement that applies to first-time sex offenders).[1] This omission was significant be-

1. Compare AS 12.63.020(a)(1)(B) with 020(a)(2).

cause Lindoff already had a prior conviction for a sex offense.

After Lindoff entered his guilty plea, but before he was sentenced, Lindoff filed a motion seeking to withdraw his plea on various grounds. For purposes of the present appeal, only one of these grounds is pertinent: Lindoff's assertion that Judge Pallenberg failed to comply with Rule 11(c) by neglecting to alert Lindoff that he would have to register as a sex offender for life.

At the evidentiary hearing on Lindoff's motion to withdraw his plea, the parties conceded—and Judge Pallenberg acknowledged—that the judge had not warned Lindoff about the lifetime registration requirement. The hearing then focused on two other issues: (1) whether Lindoff had had independent knowledge of the lifetime registration requirement when he entered his plea, and (2) if Lindoff had been ignorant of the lifetime registration requirement, whether this lack of knowledge affected his decision to plead guilty.

Based on the evidence presented at the hearing, Judge Pallenberg denied Lindoff's motion to withdraw his plea. Lindoff was then convicted based on his plea. He now appeals.

*A discussion of the two different "substantial compliance" tests adopted by the Alaska Supreme Court in Lewis v. State and Joe v. State, and a discussion of which party bears the ultimate burden of persuasion when the superior court has violated Criminal Rule 11(c)*

In two decisions issued on the same day in 1977 (June 20th), the Alaska Supreme Court addressed situations where the defendants alleged that the superior court judges who took their pleas failed to comply with one or more provisions of Criminal Rule 11(c).

The lead case was *Lewis v. State*, 565 P.2d 846 (Alaska 1977). In *Lewis*, the supreme court rejected the position that any violation of Rule 11(c) should automatically entitle the defendant to withdraw their previous plea of guilty or no contest. *Id.* at 851. Instead, the court adopted what it called the "substantial compliance" approach to violations of

Rule 11(c). *Id.* at 852. However, a close reading of the *Lewis* case reveals that the supreme court was not using the phrase "substantial compliance" in its usual sense.

Normally, the phrase "substantial compliance" refers to situations where an official may not have followed the applicable statute or rule to the letter, but the official's actions sufficiently complied with the spirit or intent of the law. For example, in *Lockwood v. State*, 591 P.2d 969 (Alaska 1979), the supreme court held that a technical violation of the "knock and announce" statute, AS 12.25.100, will be excused if the police officers demonstrate "substantial compliance" with the statute—that is (in the words of the supreme court), if "police procedures fail to conform to the precise demands of the statute but nevertheless serve its policies". *Id.* at 972 (internal citation and quotation marks omitted).

If, for instance, a superior court judge fully advised the defendant of their duty to register as a sex offender, but failed to put this information in writing as required by Rule 11(c)(4), we might say that the judge substantially complied with the rule, even though the judge failed to follow the rule to the letter.

But the supreme court's analysis in *Lewis* was different from this. In *Lewis*, the court declared that it was adopting a "substantial compliance" approach to violations of Rule 11(c) because "we have determined to treat violations of Criminal Rule 11(c) in the same manner as other errors [which are] not of constitutional dimension—reversible only if they affect substantial rights of the defendant." 565 P.2d at 852.

This is not a "substantial compliance" test; rather, it is a harmless error test—and the supreme court applied it that way in *Lewis*. The court concluded that Lewis was not entitled to withdraw his guilty plea because Lewis failed to present any evidence that he would have declined to enter the plea if the superior court had given him all the warnings and advisements required by Rule 11(c). *Id.* at 852–53. In other words, Lewis failed to present any evidence that he was prejudiced by the superior court's failure to comply with Rule 11(c). *Id.*

On the same day that the supreme court issued its decision in *Lewis,* the court issued its decision in *Joe v. State,* 565 P.2d 508 (Alaska 1977). In *Joe,* the court purported to apply the "substantial compliance" test that it had adopted in *Lewis,* but the facts of *Joe* did not present an issue of substantial compliance—either in the usual sense of "imperfect but satisfactory compliance" or in the *Lewis* sense of "harmless error".

The defendant in *Joe* asserted that the superior court failed to comply with various provisions of Rule 11(c) when the court accepted his no contest plea. 565 P.2d at 509–510. The problem presented in *Joe* was that, because of a malfunction of the courtroom audio recording equipment, no audio record was made of the defendant's change-of-plea hearing. *Id.* at 510. To solve this defect in the record, a second superior court judge held an evidentiary hearing to determine whether the judge who accepted Joe's plea had actually advised him of the things required by Criminal Rule 11(c). *Id.* at 510–11.

Based on the testimony presented at this evidentiary hearing, the hearing judge concluded that the judge who accepted Joe's guilty plea had, in fact, advised Joe of everything required by Criminal Rule 11(c). *Id.* at 511. (As an alternative holding, the hearing judge concluded that even if the superior court's Rule 11(c) advisement to Joe had been deficient in one or more ways, Joe was nevertheless aware of all of his rights, and thus Joe had not been prejudiced by any arguable deficiencies in the superior court's Rule 11(c) advisement. *Id.*)

In its decision of Joe's appeal, the supreme court upheld the hearing judge's *primary* conclusion—that is, the hearing judge's conclusion that the original superior court judge had fully advised Joe of the information and warnings required by Criminal Rule 11(c). *Id.* at 513–14.

The supreme court referred to this as proof of the original judge's "substantial compliance" with Criminal Rule 11(c). But, in fact, it was proof of the judge's *actual* compliance with the rule.

The supreme court never reached the issue of "substantial compliance" as that phrase is defined in *Lewis;* that is, the supreme court never had to decide whether Joe's rights were adversely affected by the superior court's failure to comply with one or more provisions of Rule 11(c). The facts of *Joe* simply did not raise that issue—because the supreme court upheld the hearing judge's finding that the judge who took Joe's plea fully complied with Rule 11(c).

Even though the facts of *Joe* did not raise an issue of substantial compliance, the supreme court in *Joe* seemingly declared that it was the State's burden to show "substantial compliance" with Rule 11(c). What the court actually said was this:

> Given the absence of a record which affirmatively demonstrates compliance by the sentencing court with the requirements of Rule 11, we are in agreement with [the] appellant's argument that the burden is upon the state to prove by a preponderance of the evidence that there was substantial compliance with the provisions of Rule 11 by the trial court.

*Joe,* 565 P.2d at 513.

In light of the problem actually presented in *Joe*—that is, given Joe's allegations that the superior court failed to comply with Rule 11(c), and in light of the fact that there was no audio record of the change-of-plea hearing—it makes perfect sense for the supreme court to put the burden on the State of reconstructing the record and demonstrating that the superior court complied with Rule 11(c).

But the task of reconstructing a missing record and demonstrating that the superior court properly conducted the change-of-plea hearing is *not* the same as showing "substantial compliance" under the test adopted in *Lewis.* The *Lewis* test *begins* with the premise that the superior court indeed failed to comply with Rule 11(c) in one or more particulars; the question to be answered is whether this error was harmless under the circumstances of the case or, conversely, whether the superior court's failure to comply with the rule adversely affected the defendant's rights.

Despite the fact that this quoted passage from *Joe* appears to be pure dictum under

the facts of Joe's case, this Court has issued decisions in which we relied on *Joe* for the proposition that, when a violation of Rule 11(c) is proved, it is the State's burden to demonstrate "substantial compliance" with the rule (as that phrase is defined in the *Lewis* decision). In other words, we relied on *Joe* for the proposition that it is the State's burden to show that the violation of Rule 11(c) did not prejudice the defendant. *See Fulton v. State*, 630 P.2d 1004, 1007 (Alaska App.1981); *Bratcher v. State*, 681 P.2d 358, 361 (Alaska App.1984).

But in this Court's more recent decisions involving violations of Rule 11(c), we have declared that it is the *defendant's* burden to demonstrate that they suffered prejudice as a result of the Rule 11(c) violation. *See Aiken v. State*, 730 P.2d 821, 823 (Alaska App.1987); *Peterson v. State*, 988 P.2d 109, 117 (Alaska App.1999). In other words, we followed the rule that normally applies to appellants who seek relief based on claims of non-constitutional error: the appellant must demonstrate both that an error occurred and that they were prejudiced by it.[2]

In sum, the law on this point is confused—owing to the decisions of both the supreme court and this Court.

However, as we explain in the next section of this opinion, we do not need to resolve this point of law in order to decide Lindoff's case.

*Regardless of whether the State bears the burden of proving lack of prejudice or the defendant bears the burden of proving prejudice, it is the defendant's burden to come forward with evidence that would support a finding of prejudice*

■ As we have explained, Alaska law is unclear as to whether, when a violation of Rule 11(c) is proved, the State bears the burden of showing that the defendant was not prejudiced by the violation or, conversely, the defendant bears the burden of show-

ing that he or she was indeed prejudiced by the violation. But wherever the burden lies, two other things are clear.

First, when we speak of "prejudice" in cases involving a judge's violation of Rule 11(c), we mean (1) that the defendant was not otherwise aware of the information that the judge forgot or neglected to say, and (2) that the defendant would not have entered the guilty plea or the no contest plea if the defendant had been aware of this information. *Peterson v. State*, 988 P.2d 109, 119–120 (Alaska App.1999).

■ Second, regardless of which party bears the ultimate burden of proof, the defendant bears a burden of production—a burden of coming forward with evidence which, if believed, would be sufficient to establish the two prongs of the test for prejudice set forth in *Peterson*.

In *Lewis*, the supreme court upheld the defendant's guilty plea because the defendant failed to present a *prima facie* case for relief—*i.e.*, failed to come forward with affirmative evidence that he would not have entered his guilty plea if the superior court had informed him of all the information required by Criminal Rule 11(c). 565 P.2d at 852–53.

Similarly, in *Aiken v. State*, 730 P.2d 821 (Alaska App.1987), this Court held that, despite the superior court's violation of Rule 11(c), the defendant was not entitled to withdraw his plea because the defendant failed to assert, much less prove, that he would not have pleaded guilty if the superior court had given him the proper advice under Rule 11(c). *Id.* at 823.

Compare *Morgan v. State*, 582 P.2d 1017, 1020 (Alaska 1978), where the defendant asserted that he should be allowed to withdraw his plea because his *attorney* failed to adequately advise him concerning his rights and the consequences of the plea. The supreme court rejected this claim because the defendant "fell short of meeting his burden of proof": "he presented no evidence by way of

---

**2.** Civil cases: *See, e.g., Audrey H. v. Office of Children's Services*, 188 P.3d 668, 677 (Alaska 2008); *Bennett v. Hedglin*, 995 P.2d 668, 674 (Alaska 2000); *Uchitel Co. v. Telephone Co.*, 646 P.2d 229, 238 (Alaska 1982). Criminal cases: *See, e.g., Hammock v. State*, 52 P.3d 746, 750 (Alaska App.2002); *Steffensen v. State*, 900 P.2d 735, 739 (Alaska App.1995); *Hurn v. State*, 872 P.2d 189, 193 (Alaska App.1994); *Jonas v. State*, 773 P.2d 960, 968–69 (Alaska App.1989).

affidavits, testimony[,] or otherwise in support of his contention that his trial counsel did not advise him on these subjects." *Id.* at 1023.

Turning to the facts of Lindoff's case, Lindoff took the stand at the evidentiary hearing and his attorney asked him the following crucial questions:

> *Defense Attorney* : Would you have pled [guilty under] this [plea agreement] had you known, at the change of plea [hearing], that you were going to have to register [as a sex offender] for the rest of your life?
>
> *Lindoff*: I do not know that I would have.
>
> *Defense Attorney* : [It's] [h]ard to know a hypothetical [*sic*] under this . . .
>
> *Lindoff*: Yeah; yes.

Lindoff's equivocal response was not sufficient to support a *prima facie* case of prejudice under *Peterson*. If a defendant wishes to withdraw a previous plea of guilty or no contest because of the superior court's violation of Criminal Rule 11(c), the defendant must, at a minimum, assert that they would not have entered their plea if the judge had advised them of all the information required by the rule.

Because Lindoff failed to make such an assertion, his request to withdraw his plea was insufficient as a matter of law, and the superior court therefore properly denied Lindoff's request.

We acknowledge that the superior court denied Lindoff's request for other reasons. We express no opinion regarding the sufficiency of the superior court's grounds for denying Lindoff's motion to withdraw his plea. Rather, we invoke our authority to affirm the superior court's action on an independent ground revealed by the record.[3]

*Conclusion*

The judgement of the superior court is AFFIRMED.

---

**3.** *See, e.g., Torrey v. Hamilton,* 872 P.2d 186, 188 (Alaska 1994); *Demoski v. New,* 737 P.2d 780, 786 (Alaska 1987); *Millman v. State,* 841 P.2d 190, 195 (Alaska App.1992); *Russell v. Anchorage,* 626 P.2d 586, 588 n. 4 (Alaska App.1981).