Steve LEVSHAKOFF

v.

STATE of Alaska.

No. 2830.

Supreme Court of Alaska.

June 20, 1977.

Glen Anderson, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

BURKE, Justice.

In this appeal, Steve Levshakoff challenges the constitutionality of the Alaska kidnapping statute, AS 11.15.260,[1] contending that it is vague and overbroad. He further urges us to narrow the scope of AS 11.15.260 so that any asportation or confinement of a victim which is merely incidental to the commission of another crime such as rape, robbery, or assault will not constitute the separate offense of kidnapping. Finally, appellant contends that he did not "hold" Ms. M., as required by AS 11.15.260.

In the early morning hours of May 27, 1975, appellant Levshakoff entered the Valdez City Police station where twenty-year-old D. M. was working as a night clerk. Threatening Ms. M. with a knife, appellant forced her outside of the station and into the driver's seat of her car. He then climbed in beside D. M. and directed her to drive out of Valdez on the Richardson Highway.

After they had proceeded approximately ten miles out of town, appellant forced D. M. to stop the car on the road and proceeded to cut her bra with his knife. They then drove on to Keystone Canyon where appellant instructed Ms. M. to pull her car off the road, at which point he again slashed her bra, removed it, and engaged in preliminary sexual conduct. Appellant then forced Ms. M. to drive further down the highway until they reached Sheep Creek. While they were stopped there, appellant used his knife to cut off the rest of Ms. M's clothes. Up to this point, appellant had several times threatened to kill Ms. M. if she did not obey his instructions.

F. P. Pettyjohn, Pettyjohn and Pestinger, Anchorage, for appellant.

1. AS 11.15.260 provides:

 *Kidnapping.* A person who knowingly and without lawful reason kidnaps, abducts or carries away and holds for ransom, reward or other unlawful reason another person, except in the case of a minor by his parent, is punishable by imprisonment for a term of years or for life.

Appellant forced Ms. M. to continue driving until they reached a campground at Blueberry Lake where he again directed her to pull her car off the road. After telling her that he had raped four other women and killed one of them with a knife, appellant raped D. M. at knifepoint.

Ms. M. was then instructed to drive further down the road so that appellant could find a location suitable for attempting intercourse on the ground, outside of the car. Fearing that Levshakoff would kill her, D. M. jumped from her car while it was traveling at the speed of forty m. p. h. The impact of her fall knocked Ms. M. unconscious, and when she regained consciousness, she saw appellant standing over her, brandishing his knife. Appellant again threatened to kill Ms. M., but at that point, some truck drivers stopped at the scene, and they were soon joined by law enforcement officers. Appellant was arrested and soon confessed to the facts outlined above. The entire incident took place in a period of two to three hours.

On June 5, 1975, appellant was indicted for assault with a dangerous weapon, rape, and kidnapping. He pled guilty on December 4, 1975 to Counts I and II of the Indictment, charging him with assault with a dangerous weapon and rape, but moved to dismiss Count III of the Indictment, charging him with kidnapping. In support of his motion to dismiss, appellant cited decisions from several jurisdictions in which the courts chose to limit the application of their kidnapping statutes to "true" kidnapping situations.

Judge Occhipinti, of the superior court, denied the motion, and on January 14, 1976 Levshakoff plead guilty to Count III of the Indictment.[2] At that time, the state stipulated that Levshakoff could appeal the court's denial of his motion to dismiss the kidnapping charge even after his plea of guilty, and the trial court agreed to this arrangement.

Appellant first argues that AS 11.15.260 is unconstitutionally vague and overbroad and, as such, requires narrowing by judicial construction.[3] The thrust of his argument is that the statute is so broadly drawn that it prohibits a wide range of conduct which should not be characterized as kidnapping.

 The doctrine of overbreadth is inapplicable to this statute. Although AS 11.15.260 may be so broadly drawn as to include some conduct which is not generally thought of as kidnapping,[4] it is not overbroad in the constitutional sense since it does not have the potential to regulate constitutionally protected speech or conduct. As we stated in *Marks v. City of Anchorage,* 500 P.2d 644, 646 (Alaska 1972):

> The overbreadth doctrine has evolved to give adequate breathing room to specific first amendment freedoms; a statute violates the doctrine when constitutionally-protected conduct as well as conduct which the state can legitimately regulate are included within the ambit of the statute's prohibition. (footnote omitted)

More recently, in *Anderson v. State,* 562 P.2d 351 (Alaska, April 8, 1977), we held that "overbreadth analysis is generally available only to challenge statutes which arguably chill exercise of first amendment rights." Since AS 11.15.260 does not restrict the exercise of any constitutionally protected conduct, the overbreadth doctrine is clearly inapplicable to this case. *See State v. Martin,* 532 P.2d 316, 322 (Alaska 1975); *Stock v. State,* 526 P.2d 3 (Alaska 1974).

**2.** In *State v. Occhipinti* (Steve Levshakoff, Real Party), 562 P.2d 348 (Alaska, April 8, 1977), we held that the trial court should have imposed sentence for the crimes of rape and assault with a dangerous weapon as well as for kidnapping and remanded the case for resentencing.

**3.** Although in his brief appellant uses only the term "overbroad" in challenging the statute's constitutionality, the gist of his argument and the cases cited in support clearly indicate that

he intended that term to include both the issues of vagueness and overbreadth. Furthermore, he specifically claimed that the statute is void for vagueness in his statement of points on appeal.

**4.** Appellant uses as an example the act of forcing a person from one room to another for some unlawful reason.

Appellant next asserts that the kidnapping statute is void for vagueness. In *Stock v. State, supra,* we discussed three separate rationales for holding a statute void for vagueness.

■ First, if a statute is so imprecisely drawn that it could potentially be applied to regulate constitutionally protected speech or conduct, it may be held invalid on vagueness grounds.[5] As discussed above, the kidnapping statute does not constitute a threat to the exercise of first amendment rights.

■ Second, if a statute is so lacking in specificity that it fails to give fair notice of the conduct it proscribes, it may be unconstitutionally vague.[6] The words of the statute which define the element of asportation necessary for kidnapping are " . . . kidnaps, abducts or carries away . . ," and the terms, themselves, have immediately recognizable meanings. Although the word "kidnap" is conclusory, *Webster's Seventh New Collegiate Dictionary* defines "abduct" to mean "to carry off by force," and the phrase "carries away" is self explanatory. The type of conduct prohibited by AS 11.15.260 is also clear. The statute requires the actor to do more than hold a person against his will; the actor must move his victim from one place to another. Furthermore, Levshakoff lacks standing to complain of lack of adequate notice, since his offense falls within the "hard-core prohibitions" of the kidnapping statute. *Stock v. State,* 526 P.2d at 9–10. The term "abducts" and "carries away" clearly apply to Levshakoff's act of forcing D. M. to drive out of town for two to three hours, and thus he may not complain of lack of adequate notice.

■ Third, if a statute by its imprecision confers upon judges, jurors, or law enforcement personnel undue discretion in determining what constitutes the crime, it can be held void for vagueness.[7] It is under this analysis that the kidnapping statute is most troublesome. Because the range of move-

ment covered by the statute is great, law enforcement officials could conceivably add a kidnapping charge to any other crime where the victim was moved. Appellant points out that it was under this standard of vagueness that the Michigan Court of Appeals declared its kidnapping statute to be unconstitutional in *People v. Adams,* 34 Mich.App. 546, 192 N.W.2d 19, *aff'd in part, rev'd in part on other grounds,* 389 Mich. 222, 205 N.W.2d 415 (1973)

> To read the kidnapping statute literally is to convert a misdemeanor, for example, assault and battery, into a capital offense. A literal reading of the kidnapping statute would permit a prosecutor to aggravate the charges against any assailant, robber, or rapist by charging the literal violation of the kidnapping statute which must inevitably accompany each of those offenses. (footnotes omitted) 192 N.W.2d at 26.

Michigan's statute, however, was not as narrowly drawn as Alaska's. It did not require any element of asportation as our statute does. Only an "intentional confinement" was necessary to constitute kidnapping, while AS 11.15.260 requires the offender to kidnap, abduct or carry away the victim. Thus, the potential for prosecutorial abuse in Michigan was much greater than in this jurisdiction.

■ Although the terms of AS 11.15.-260 do not specify the amount of movement necessary to transform the crime of assault or rape into kidnapping, we will not invalidate a statute on vagueness grounds absent evidence of a history of arbitrary or capricious enforcement. As we stated in *Stock v. State* :

> While we may be able to conceive of instances in which the statute could be arbitrarily and capriciously enforced, we cannot on the basis of such mere hypothesis, in the absence of any history of actual

5. 526 P.2d at 7.

6. 526 P.2d at 8.

7. 526 P.2d at 8. *See also Harris v. State,* 457 P.2d 638, 647 (Alaska 1969).

arbitrary application, invalidate the statute.[8]

Furthermore, the statute is as narrowly drawn as it could be without actual specification of the distance that the victim must be moved in order to constitute an abduction. We hold, therefore, that AS 11.15.260 does not give undue discretion to law enforcement personnel and is not void for vagueness.

■ Appellant next contends that this court should narrow the construction of AS 11.15.260, so that it encompasses only "true" kidnapping situations and does not apply to cases where there is a *de minimus* movement of the victim. Since we have held that AS 11.15.260 is not vague or overbroad, the statute requires no narrowing for constitutional purposes. Appellant also urges us to apply a narrowing construction to the statute for policy reasons and in order that it may conform to legislative intent. We need not reach this issue, however, for even if we were to determine that the legislature did not intend AS 11.15.260 to encompass movement of a rape or assault victim from room to room and we narrowed construction of the statute accordingly, appellant Levshakoff's actions would still qualify as kidnapping under the statute. Levshakoff forced D. M. to drive for miles down the Richardson Highway and the ordeal lasted for two to three hours. This conduct clearly constitutes the "true" kidnapping situation to which appellant urges we limit application of the statute. Thus the facts of this case do not merit our consideration of this issue.

■ Finally, appellant contends that he did not "hold" D. M. as is required by AS 11.15.260. Since Levshakoff restrained Ms. M. from leaving the car during the abduction, he clearly held her for an unlawful reason as is provided by the statute. Accordingly, we affirm the trial court's decision to deny appellant's motion to dismiss.

AFFIRMED.

8. 526 P.2d at 12.