**Larry BRATCHER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 7113.**

Court of Appeals of Alaska.

May 11, 1984.

---

Walter Share and John Murtagh, Anchorage, for appellant.

Richard W. Maki, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

After entering a plea of *nolo contendere*, Larry Bratcher was convicted of theft by receiving in the second degree. AS 11.46.130(a)(1); AS 11.46.190. Superior Court Judge Victor D. Carlson sentenced Bratcher to serve four years' imprisonment. Bratcher later filed a motion to withdraw his *nolo contendere* plea and reinstate his original plea of not guilty. Judge Carlson denied the motion. Bratcher appeals, arguing that he should have been permitted to withdraw his plea; alternatively, he argues that his four-year sentence is excessive. We conclude that Judge Carlson erred in refusing to allow Bratcher to withdraw his plea. We therefore reverse.[1]

Bratcher's primary argument is that he should have been allowed to withdraw his *nolo contendere* plea because Judge Carlson did not comply with the requirements of Criminal Rule 11 when he accepted the plea. Criminal Rule 11 states, in relevant part:

(c) *Pleas of Guilty or Nolo Contendere.* The court shall not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and

(1) determining that he understands the nature of the charge; and

(2) informing him that by his plea of guilty or nolo contendere he waives his right to trial by jury or trial by a judge and the right to be confronted with the witnesses against him; and

(3) informing him:

(i) of the mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered, and

(ii) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, or to plead guilty.

(d) *Insuring That the Plea is Voluntary.* The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or promises apart from a plea agreement. The court shall also inquire of the prosecuting attorney, defense counsel and the defendant himself to determine whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the state and the defendant or his attorney.

■ Our review of Bratcher's change of plea hearing indicates that Judge Carlson did not comply with several of the requirements expressly stated in the rule. Judge Carlson did not ask Bratcher or his counsel if Bratcher understood the nature of the charge (Criminal Rule 11(c)(1));[2] he

---

1. Our disposition makes it unnecessary to consider Bratcher's sentencing arguments.

2. Judge Carlson did ask Bratcher if he had had sufficient time to discuss the case with his attorney. However, this was the only question asked by Judge Carlson that might be construed to have dealt with Bratcher's understanding of the

charge. Judge Carlson did not question either Bratcher or his counsel to determine whether Bratcher's counsel had explained the charge to Bratcher or whether Bratcher's attorney was satisfied that Bratcher understood the charge. Judge Carlson did not inform Bratcher of the elements of the offense.

did not inform Bratcher that he had a right to persist in his plea of not guilty (Criminal Rule 11(c)(3)(ii)); and he did not ask Bratcher whether he was entering his plea voluntarily or whether his plea was the result of force or threats or of promises apart from a plea agreement. (Criminal Rule 11(d)). Under Alaska law, however, a violation of the express requirements of Criminal Rule 11(c) and (d) does not automatically entitle the accused to withdraw a plea of guilty or *nolo contendere. Lewis v. State,* 565 P.2d 846, 851 (Alaska 1977); *Fulton v. State,* 630 P.2d 1004, 1006 (Alaska App.1981). When Rule 11 is violated, the state must bear the burden of proving, by a preponderance of the evidence, that the trial court substantially complied with the provisions of the rule. *Joe v. State,* 565 P.2d 508, 513 (Alaska 1977). If the state fails to show substantial compliance, the accused must be permitted to withdraw his plea. *Fulton v. State,* 630 P.2d at 1007–08.

■ In the present case, we believe that the pivotal issue is whether Judge Carlson substantially complied with the requirement of determining that Bratcher understood the nature of the charge to which he pled. In *Edwards v. United States,* 256 F.2d 707, 710 (D.C.Cir.), *cert. denied,* 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958), the federal circuit court described the circumstances under which a plea of guilty may be deemed to have been entered "understandingly":

It may be argued that a plea of guilty is not understandingly made when defendant is unaware of certain technical

defenses which might very well make the prosecutor's job more difficult or even impossible were he put to his proof. However, we think "understandingly" refers merely to the *meaning* of the charge, and what acts amount to being *guilty* of the charge, and the *consequences* of pleading guilty thereto . . . .

(Emphasis in the original.) This discussion was quoted by the Alaska Supreme Court with approval in *Larson v. State,* 614 P.2d 776, 780 (Alaska 1980). *See also Else v. State,* 555 P.2d 1210, 1214 n. 13 (Alaska 1976) (agreeing with *Edwards* that trial court generally need not inform defendant of evidentiary defenses before accepting guilty plea). Applying the *Edwards* definition of "understandingly" to the present case, we find that the record as a whole cannot reasonably support a conclusion that Bratcher entered his plea with an appropriate understanding of "the meaning of the charge, and what acts amount[ed] to being guilty of the charge."

■ The basic facts are not disputed. At the change of plea hearing, Judge Carlson did not specifically address Bratcher or his attorney to determine whether Bratcher understood the nature of the charge. When Judge Carlson asked Bratcher to describe the offense that he had committed, Bratcher stated, "Well, I just bought some stereo equipment from a good friend [of] mine, which I didn't know was stolen, at the time." Bratcher's denial of knowledge did not prompt Judge Carlson to inquire whether Bratcher understood the nature of the charge.[3] Judge Carlson accepted

**3.** It appears from the record that there may be some confusion concerning application of Criminal Rule 11 in cases involving *nolo contendere* pleas. In his order denying Bratcher's motion to withdraw his plea, Judge Carlson stated, in part: "I was satisfied that [Bratcher] understood what he was doing and was acting freely and voluntarily. Further, I knew that a defendant may plea[d] *nolo contendere* while asserting his innocence. *Miller v. State,* 617 P.2d 516 (Alaska 1980)." Judge Carlson was, of course, correct in stating that *Miller* permits a defendant to enter a *nolo contendere* plea while maintaining his innocence. Yet a defendant's right to enter a *nolo contendere* plea despite a claim of innocence does not diminish the court's duty, under

Criminal Rule 11(c) and (d), to determine that the plea is knowingly and voluntarily entered. Thus, where a defendant seeks to plead *nolo contendere,* but volunteers statements consistent with innocence, it is crucial that the trial court conduct an appropriate inquiry, in conformity with the requirements of Criminal Rule 11, to assure that the proffered plea is not the result of a misunderstanding of the elements of the offense. While, under *Miller,* the court cannot require the defendant to make a statement acknowledging guilt, nothing in *Miller* precludes the court from conducting a full and careful inquiry, pursuant to Criminal Rule 11, to assure that the defendant has an adequate under-

Bratcher's *nolo contendere* plea and set a date for sentencing.

Prior to his sentencing hearing, Bratcher unequivocally asserted his innocence, telling the probation officer assigned to prepare the presentence report:

> I feel if I knew the stuff had been stolen I would not have even bought it. I was only trying to help Billy [the seller of the stolen merchandise] with his child support. I feel I'm an innocent bystander made as a scapegoat.

Bratcher's statement was included in the presentence report, upon which Judge Carlson relied at the time of sentencing. In fact, the state specifically pointed out to Judge Carlson that Bratcher "confesses total innocence to any criminal involvement."

The only time Bratcher made a statement consistent with guilt was at his sentencing hearing, when he admitted that he might have acted recklessly. Yet even this acknowledgement was far from unequivocal. Bratcher's admission of recklessness occurred during allocution, when he stated:

> Well sir, *I guess my actions were reckless,* but I really didn't set out to commit a crime or hurt anybody in any way, and if I knew the property had been stolen, I sure wouldn't have wanted it, you know. [Emphasis added.]

Furthermore, it is uncontested that, prior to sentencing, Bratcher asked his attorney to request withdrawal of his *nolo contendere* plea and to reinstate his earlier plea of not guilty. However, Bratcher's attorney told him that there were no grounds for withdrawal of the *nolo contendere* plea and that he would be required to proceed

with sentencing.[4] The record also indicates that Bratcher was never fully advised by his counsel of the necessary elements of theft by receiving. The elements of the offense were discussed with Bratcher, and the meaning of recklessness was explained in "general terms." However, Bratcher's trial counsel never informed Bratcher of the statutory definition of recklessness.

The failure to explain the statutory definition of recklessness is particularly important in this case. Bratcher consistently denied actual knowledge that the property he was charged with receiving was stolen; his *nolo contendere* plea was specifically based on a willingness to acknowledge that his conduct had been reckless. In *Andrew v. State,* 653 P.2d 1063, 1065 (Alaska App. 1982), we explained the state's burden when it seeks to prove recklessness in a prosecution for theft by receiving under AS 11.46.190:

> First, the state must establish that, under all the circumstances in evidence, the risk that the property in question was stolen was so great "that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation ...." This facet of recklessness is objectively based. Second, the state must further prove actual awareness by the accused of the risk that the subject property is stolen. This second facet of recklessness requires subjective knowledge of the risk by the accused before conviction can be had under AS 11.46.190.

(Footnote omitted) (quoting AS 11.81.-900(a)(3)).

---

standing of the charge to which he seeks to plead.

**4.** Bratcher was not represented by his current counsel until after imposition of sentence. Bratcher's original counsel did not perform any legal research or conduct a review of the change of plea hearing before informing Bratcher that there were no grounds for withdrawal of the *nolo contendere* plea. We have previously emphasized that, under Criminal Rule 11(h), trial judges have broad discretion to permit withdrawal of a plea of guilty or *nolo contendere* prior to sentencing and that presentence with-

drawal motions should be freely granted. *See Love v. State,* 630 P.2d 21, 24–25 (Alaska App. 1981). Given the broad scope of trial court discretion to permit withdrawal of a plea prior to sentencing, there is ample reason to question the accuracy of the advise given to Bratcher by his original attorney. This is particularly true in light of Judge Carlson's failure to comply with the literal requirements of Criminal Rule 11(c) and (d) at the change of plea hearing, and in light of Bratcher's assertion at that hearing that he did not know the goods he received were stolen.

In this case, Bratcher's remarks on the record fail to indicate any understanding of the statutory definition of recklessness. To the contrary, Bratcher's statement, "I guess my actions were reckless, but I really didn't set out to commit a crime or hurt anybody in any way, and if I knew the property had been stolen, I sure wouldn't have wanted it," strongly implies that Bratcher simply did not understand the applicable definition.

Moreover, from the record, it is far from clear that Bratcher's attorney understood the statutory definition of recklessness. At the sentencing hearing, Bratcher's counsel advised the court of Bratcher's willingness to acknowledge that he had acted recklessly. In elaborating on this statement, Bratcher's counsel said that Bratcher "understands the reasons why he stands here today. He feels like possibly if he had thought better he would not have purchased the items ...." Bratcher's counsel went on to say that Bratcher "did not question Mr. Grantham [the seller of the stolen property] as to where the property came from and therefore he was as I say somewhat reckless in his conduct ...." In our view, these comments fail to exhibit an awareness by Bratcher's trial counsel of the narrow statutory definition of recklessness that was applicable to the case.

In his own affidavit in support of the motion to withdraw his *nolo contendere* plea, Bratcher alleged that his trial counsel had never explained the precise meaning of recklessness. Furthermore, Bratcher claimed that his decision to plead *nolo contendere* was based on a mistaken belief that the court, in denying a pretrial motion to dismiss, had ruled that Bratcher would be precluded from calling witnesses at trial to show his lack of knowledge that the goods he had received were stolen. The assertions made by Bratcher in his affidavit were not controverted by the state. Certainly Judge Carlson could have concluded, on grounds of credibility, that Bratcher's affidavit was not entitled to great weight. Nevertheless, given the lack of any affirmative indication in the record that Bratcher or his counsel understood the statutory requirement of recklessness, we do not think that Judge Carlson's failure to make any inquiry whatsoever concerning Bratcher's understanding of the nature of the charge can be characterized as substantial compliance with the requirements of Criminal Rule 11.

■ In short, Bratcher's assertions of innocence, coupled with his unsuccessful effort to have his plea withdrawn prior to sentencing and the apparent failure of his own counsel to explain the statutory definition of recklessness, leave substantial doubt whether Bratcher, in entering his *nolo contendere* plea, understood "the meaning of the charge and what acts amount to being guilty of the charge." *See Edwards v. United States*, 256 F.2d at 710. After a review of the entire record in this case, we find virtually nothing demonstrating substantial compliance with the requirements of Criminal Rule 11(c).[5] Accordingly, we conclude that Judge Carlson's failure to address Bratcher personally to determine his understanding of the nature of the offense requires that Bratcher be permitted to withdraw his plea of

---

5. Bratcher has also argued that Judge Carlson violated Criminal Rule 32(a) by failing to make a separate inquiry, immediately before imposing sentence, concerning Bratcher's understanding of the charge and the voluntariness of his plea. Criminal Rule 32(a) provides, in part:

> If the defendant is being sentenced following a plea of guilty or nolo contendere the court shall question the defendant to ascertain that he understood the meaning of his plea, and that it was freely and voluntarily entered.

Here, as in *Fulton v. State*, 630 P.2d at 1007 n. 5, we need not decide whether Criminal Rule 32(a) imposes a duty—in addition to the public inquiry required by Criminal Rule 11—to make a separate inquiry at the time of sentencing to determine whether the defendant's plea was knowingly and voluntarily entered. We believe, however, that the absence here of a separate inquiry prior to imposition of sentence is a highly relevant consideration in our determination of the question of substantial compliance with Criminal Rule 11(c).

*nolo contendere* and reinstate his original plea of not guilty.[6]

The conviction is REVERSED and this case is REMANDED.

---

**6.** The state's reliance on *Larson v. State,* 614 P.2d 776 (Alaska 1980), is misplaced. In *Larson,* the trial court complied with the literal requirements of Criminal Rule 11(c) and (d). Larson nevertheless argued that the court's failure to explain the concept of specific intent and the potential availability of a diminished capacity defense required that his plea be set aside. The supreme court rejected this claim, noting that the requirement of specific intent was made sufficiently clear by the charging language of Larson's indictment, and that the trial court had appropriately questioned Larson about his understanding of the charge stated in the indictment. The court further noted that Larson's trial counsel, after a thorough review of the facts of the case and applicable law, had concluded that a diminished capacity defense could not successfully be raised. *Larson,* 614 P.2d at 778–80. Unlike the defendant in *Larson,* Bratcher was never asked whether he understood the nature of his charge, and he never assured the court that he did. In this case, unlike the *Larson* case, the trial court did not comply with the literal requirements of Criminal Rule 11(c) and (d).