**STATE of Alaska, Appellant,**

v.

**Mark A. WEAVER, Appellee,**

**Mark A. WEAVER, Appellant**

v.

**STATE of Alaska, Appellee.**

**A–1584, A–1616.**

Court of Appeals of Alaska.

May 8, 1987.

Rehearing Denied June 1, 1987.

Robert D. Bacon, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for the State of Alaska.

William A. Davies, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellee and appellant Weaver.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

A grand jury indicted Mark Weaver for first-degree misconduct involving weapons. AS 11.61.200(a)(3). The indictment charged Weaver with possessing a gravity knife. He moved to dismiss the indictment, contending that the statute was unconstitutionally vague. Superior Court Judge Gerald J. Van Hoomissen granted the motion and the state appeals. We reverse on the issue of the statute's constitutionality, but remand for further proceedings.

■ A statute is impermissibly vague and violates due process if it is so indefinite that a person of ordinary intelligence would have to guess what conduct it prohibits. *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983); *Williford v. State,* 674 P.2d 1329, 1330 (Alaska 1983). Our courts consider three factors in evaluating a statute's vagueness. First, we examine whether the statute provides adequate notice of the prohibited conduct. Second, we consider the statute's potential for arbitrary enforcement. Third, we determine whether the statute infringes on the first amendment right of freedom of expression. *Summers v. Anchorage,* 589 P.2d 863, 866-67 (Alaska 1979); *Stock v. State,* 526 P.2d 3, 7-9 (Alaska 1974). Weaver has conceded that there are no first amendment considerations at issue here.

Alaska Statute 11.61.200(a)(3) makes it a felony to possess a "prohibited weapon." "Prohibited weapon" is defined in AS 11.-61.200(e)(1)(D) to include a "switchblade or gravity knife." Neither "switchblade" nor "gravity knife" is defined in the criminal law statutes.

■ We find that the term "gravity knife" is not improperly vague. The term has a readily ascertainable and consistent definition. As commonly understood, a gravity knife is one in which the blade opens, falls into place, or is ejected into position by the force of gravity or by centrifugal force. Webster's Third New International Dictionary defines a "gravity knife" as "a switchblade knife in which the blade is sprung by a downward snap of the wrist." *Webster's Third New International Dictionary of the English Language Unabridged,* 993 (1963). Statutes of other states defining the term "gravity knife" are consistent with this straightforward definition. *See, e.g.,* Colo.Rev.Stat. § 18-12-101(*l*)(e) (1986); N.J.Stat.Ann. § 2C:39-1(h) (West Supp.1986); N.Y. Penal Law § 265.00(5) (McKinney 1980).

Furthermore, in the Alaska Statute on prohibited weapons, the term "gravity knife" is used in conjunction with "switchblade knife." AS 11.61.200(e)(1)(D). The ordinary person is therefore put on notice that a "gravity knife" must be similar to a switchblade in operating automatically or semi-automatically. The pertinent characteristics which a switchblade and a gravity knife have in common are that they are

easily concealed and quickly brought to bear. These characteristics are indicative of knives which are used as weapons, rather than tools. Some utility knives are quickly brought to bear, such as a fishing or hunting knife in a sheath, but are not easily concealed. Indeed, it is only when these utility knives are concealed that their possession is unlawful. AS 11.61.220(a)(1).[1] An ordinary pocket knife may be carried concealed upon the person. AS 11.61.-220(a)(1). However, an ordinary pocket knife is incapable of being quickly brought to bear.

Finally, we will not generally find a statute vague on the grounds that it is subject to arbitrary or discriminatory enforcement where there is no history of selective or arbitrary prosecution. *Summers v. Anchorage*, 589 P.2d 863, 868 (Alaska 1979); *Levshakoff v. State*, 565 P.2d 504, 507 (Alaska 1977); *Morrow v. State*, 704 P.2d 226, 233 (Alaska App.1985). Weaver has presented no evidence that the statute has a history of being discriminatorily enforced.

■ Weaver also seems to argue that a statute which makes the possession of a gravity knife in one's home a crime, violates the right to privacy under the Alaska Constitution, article 1, section 22. The legislature may properly prohibit the possession of an object which "interferes in a serious manner with the health, safety, rights and privileges of others or with the public welfare." *State v. Erickson*, 574 P.2d 1, 21 (Alaska 1978). "No one has an absolute right to do things in the privacy of his own home which will affect himself or others adversely." *Ravin v. State*, 537 P.2d 494, 504 (Alaska 1975). The legislative commentary to AS 11.61.200, discuss-

ing the definition of "prohibited weapon," states:

> Such weapons have little or no legitimate function, are unnecessary for protection and are not commonly used for commercial or recreational purposes. Substantial risk of harm to others and the furtherance of crime result from private possession of such weapons.

Commentary on the Alaska Revised Criminal Code, Senate Journal Supp. No. 47 at 101, 1978 Senate Journal 1399. The legislature could reasonably conclude that gravity knives have no legitimate purpose and are too dangerous to be casually possessed.

■ Apparently, Judge Van Hoomissen never made a factual finding concerning whether or not the knife seized from Weaver was a gravity knife within the statute's meaning. We therefore remand for further proceedings.

The superior court's judgment is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.[2]

---

1. Alaska Statute 11.61.220(a)(1) states:
   *Misconduct involving weapons in the third degree.* (a) A person commits the crime of misconduct involving weapons in the third degree if the person
   (1) knowingly possesses a deadly weapon, other than an ordinary pocket knife, that is concealed on the person.

2. Weaver also appeals the trial court's denial of his suppression motion which alleged that the search, during which the knife was seized, was illegal. Since the trial court dismissed the charges resulting from the search, the only "final judgment" in the case favored Weaver and we have no jurisdiction to hear this issue. AS 22.07.020; Alaska R.App. P. 202(b). Should the charges be reinstated and result in a conviction, Weaver may then appeal the denial of his suppression motion.