**Jewel WALKER, Jr., Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–1237.

Court of Appeals of Alaska.

Sept. 18, 1987.

Lisa M. Fitzpatrick, Asst. Public Defender, Juneau, and Dana Fabe, Public Defender, Anchorage, for appellant.

W.H. Hawley, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Jewel Walker, Jr., was convicted of assault in the first degree, a class A felony. AS 11.41.200(a)(1). He raises one point on appeal, that the evidence presented at trial was insufficient to support a verdict of guilty of first-degree assault. Alaska Statute 11.41.200(a) provides that: "A person commits the crime of assault in the first degree if (1) that person recklessly causes serious physical injury to another by means of a dangerous instrument." Alaska Statute 11.81.900(b)(50) defines "serious physical injury" as follows:

(A) physical injury caused by an act performed under circumstances that create a substantial risk of death; or

(B) physical injury that causes serious and protracted disfigurement, protracted impairment of health, protracted loss or impairment of the function of a body member or organ, or that unlawfully terminates a pregnancy.

On appeal, Walker argues that the state failed to prove that the physical injury suffered by his victim meets the statutory test for serious physical injury. The trial court, in Walker's opinion, should have granted him a judgment of acquittal. On appeal, we are required to view the evidence in a light most favorable to the state. If fairminded people in the exercise of reasonable judgment could differ on the question of whether a defendant's guilt has been established beyond a reasonable doubt, the case must be submitted to the jury. The same test applies whether the evidence is direct, circumstantial or a combination of the two. *Des Jardins v. State*, 551 P.2d 181, 184–85 (Alaska 1976). The credibility of witnesses is exclusively a question for the jury. *Anthony v. State*, 521 P.2d 486, 492 (Alaska 1974).

The evidence at trial established that Walker fought with Mark Johnson, and Johnson was knocked unconscious. While

Johnson was lying on the ground unconscious, Walker, who was wearing tennis shoes, kicked him in the face. Blood was observed on Walker's tennis shoes and the tread pattern of the tennis shoes was bruised into Johnson's skin. The tread pattern imprinted on Johnson's face did not fade for many days.

Dr. Hayes, the treating physician, stated that Johnson suffered "severe facial fractures" and that "the whole center of Johnson's face was floating free." She stated that Johnson's nose and jaw were smashed, that the right eye was lower than the left eye because of a fracture and that some of Johnson's sinuses were injured. In order to treat Johnson, Dr. Hayes wired his jaw shut for six weeks.

Finally, Dr. Hayes explained that Johnson had suffered from double vision because his right eye was lower than his left eye as a result of the smashing of the bones that support the eye. An operation had been necessary to correct the double vision. Dr. Hayes explained that as a result of the operation the double vision had "cleared up pretty much" by the time of trial, but that scars from incisions necessary to place the wires to hold the jaw shut had not yet faded. Johnson testified that he expected to have two more operations, one to realign his eyes and a second one to "erase any operation marks" he had received. He stated that he had been restricted to a liquid diet while his jaw was wired shut.

We are satisfied that Johnson's broken jaw, which had to be wired shut for six weeks, established sufficient protracted impairment of the function of a body member or organ to permit a jury to find beyond a reasonable doubt that Walker's assault on Johnson constituted first-degree assault. *See State v. Welton,* 300 N.W.2d 157 (Iowa 1981); *State v. Mentola,* 691 S.W.2d 420 (Mo.App.1985).

The terms in the phrase, "protracted impairment of a body member or organ," are not specifically defined in Title 11. Consequently, we must look to common usage for their meaning. *See* AS 01.10.040.[1] Generally, we look to a dictionary to determine common usage. *See State v. Weaver,* 736 P.2d 781 (Alaska App.1987) (relying on the dictionary for the meaning of the term "gravity knife").

"Protracted" is defined as "to draw out or lengthen in time or space." *Webster's Third New International Dictionary of the English Language Unabridged,* 1826 (1963). "Member" means, "a bodily part or organ." *Id.* at 1408. "Part," in turn, is defined as, "a portion of a plant or animal body...." *Id.* at 1645.

It is undisputed that Johnson's broken jaw, a portion of his body, prevented him from chewing food for six weeks. Under the circumstances, we conclude that a jury could reasonably find that Johnson's broken jaw constituted a protracted impairment of a body member or organ. The trial court did not err in denying Walker's motion for judgment of acquittal.

The judgment of the superior court is AFFIRMED.

---

1. Alaska Statute 01.10.040 provides:
   Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage. Technical words and phrases and those which have acquired a peculiar and appropriate meaning, whether by legislative definition or otherwise, shall be construed according to the peculiar and appropriate meaning.