**John R. WALSH, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–2278.

Court of Appeals of Alaska.

July 22, 1988.

Marcia E. Holland, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Gayle L. Garrigues, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

John R. Walsh pled no contest to charges of theft in the fourth degree, AS 11.46.-150(a) and disorderly conduct, AS 11.61.-110(a)(5). Magistrate Earl L. Slater took Walsh's plea and sentenced him to twenty days with eighteen days suspended for theft, and thirty days with twenty days suspended and a $100 fine for disorderly conduct. Four months later Walsh, through defense counsel, moved to withdraw his plea.

District Court Judge Christopher E. Zimmerman denied Walsh's motion to withdraw his plea. Walsh appeals the denial of his motion. He claims that he should have been permitted to withdraw his plea because, at the time Walsh entered his plea, Magistrate Slater did not explain the benefits of counsel to him, did not make sure that he understood the nature of the charges pending against him, and did not individually apprise him of his right to a jury trial. We conclude that Magistrate Slater failed to ensure that Walsh understood the elements of the charges to which

he pled. We therefore reverse his conviction and set aside his plea.

## FACTS AND PROCEEDINGS

The criminal complaint alleges that Walsh entered a restaurant on June 4, 1986, and ordered a steak sandwich from a waitress, Kelley J. Borkowski. Borkowski stated that she served Walsh a sandwich, which he consumed. Thereafter, she reported, Walsh walked out of the restaurant, leaving the meal check of $8.50 lying on the table, without making any effort to pay for it. Borkowski followed Walsh onto the street and demanded that he pay. Walsh allegedly shoved Borkowski with his hands and attempted to flee, but was captured by bystanders. As a result, Walsh was charged with theft in the fourth degree,[1] apparently on the theory that he had stolen services from the restaurant.[2] He was also charged with disorderly conduct for "fighting" with Borkowski.

Walsh was arraigned on June 5, 1986. Prior to his arraignment, Walsh was part of a group which viewed a video tape of Magistrate Slater reading the rights relevant to the proceedings. On the video tape, Magistrate Slater advised the group of their various rights and explained the various pleas available. Prior to Walsh's arraignment, two other individuals appeared on felony charges and several individuals appeared on misdemeanor charges. The magistrate briefly discussed each of these individuals' rights, including the right to an attorney and the right to a trial. He then proceeded to arraign Walsh, informing him that he was charged with theft in the fourth degree and disorderly conduct. In response to a question, Walsh informed the magistrate that he had received copies of the charges, that he understood them, and that he did not wish to have anything explained to him.

---

1. Alaska Statute 11.46.150 provides:
 (a) A person commits the crime of theft in the fourth degree if the person commits theft as defined in AS 11.46.100 and the value of the property or services is less than $50.
 (b) Theft in the fourth degree is a class B misdemeanor.

2. Alaska Statute 11.46.100 provides in relevant part:
 A person commits theft if
 . . . .
 (5) the person commits theft of services under AS 11.46.200.

The magistrate informed Walsh that both charges were class B misdemeanors and that each carried the maximum penalty of ninety days in jail or $1,000 or both. Walsh indicated that he understood the penalties, that he did not wish to speak to an attorney, and that he was prepared to enter a plea of no contest. The magistrate accepted the plea and the district attorney indicated the factual basis of the plea by reading from the complaint the facts previously set out in this opinion. The magistrate then asked Walsh if he had anything to say before receiving his sentence. Walsh responded:

> Yes, I just cashed my check, there was almost $2,000 and I was visiting some friends in the Pioneer Hotel and ... I know I had my wallet there, and I had just left there and went over to eat. And when I went to pay for it, I didn't have my wallet and all I could think of was trying to find my money that I had misplaced ... I didn't have any intention of doing this when I went into the Black Angus, and I tried to talk to the waitress there, and ... she didn't want to ... she didn't trust me to go get the money.
>
> . . . .
>
> I would have paid for it if I had my wallet.

**3.** Alaska Statute 11.81.900(b)(51) provides:
"[S]ervices" includes labor, professional services, transportation, telephone or other communications service, entertainment, the supplying of food, lodging, or other accommodations in hotels, restaurants, or elsewhere, admission to exhibitions, and the supplying of equipment for use.

**4.** Alaska Statute 11.81.900(b)(14)(A), (B), (E) provides:
"[D]eception" means to knowingly
(A) create or confirm another's false impression which the defendant does not believe to be true, including false impressions as to law or value and false impressions as to intention or other state of mind;
(B) fail to correct another's false impression which the defendant previously has created or confirmed;
. . . .
(E) promise performance which the defendant does not intend to perform or knows will not be performed.

**5.** Alaska Evidence Rule 303 provides, in relevant part:

Walsh indicated that he had been drinking at the time and was pretty drunk, but verified that he "knew what [he] was doing." The magistrate then inquired about the check Walsh referred to and learned that it was an income tax refund in the amount of $1,991.66. The magistrate then indicated that he was prepared to go on with sentencing and sentenced Walsh as indicated at the outset of this opinion.

## DISCUSSION

Walsh was charged with theft in the fourth degree, apparently on the theory that he committed theft of services. The complaint does not, however, reference AS 11.46.200, which provides in pertinent part:

(a) A person commits theft of services [3] if
(1) the person obtains services, known by that person to be available only for compensation, by deception [4] ... to avoid payment for the services ...
(b) absconding without paying for hotel, restaurant, or other services for which compensation is customarily paid immediately upon the receiving of them is prima facie evidence [5] that the services were obtained by deception.

Additionally, Walsh was charged with disorderly conduct. In context, disorderly conduct is committed when, "in a public or

(a) *Effect.*
(1) *Presumptions Directed Against the Accused.* In all criminal cases when not otherwise provided for by statute, by these rules or by judicial decision, a presumption directed against the accused imposes no burden of going forward with evidence to rebut or meet the presumption and does not shift to the accused the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast. However, if the accused fails to offer evidence to rebut or meet the presumption, the court must instruct the jury that it may, but is not required to, infer the existence of the presumed fact from the proved fact, but no mention of the word "presumption" shall be made to the jury.
. . . .
(b) *Prima Facie Evidence.* A statute providing that a fact or group of facts is prima facie evidence of another fact establishes a presumption within the meaning of this rule.

private place, the person challenges another to fight or engages in fighting[6] other than in self-defense."[7] AS 11.61.110(a)(5).

 Walsh does not have an automatic right to withdraw his plea. When the court has already imposed a sentence, the defendant must establish that withdrawal is necessary to correct manifest injustice. Alaska R.Crim.P. 11(h)(1). This burden is met whenever it is demonstrated that the plea was entered without knowledge of the charge. Alaska R.Crim.P. 11(h)(1)(ii)(cc). If the defendant establishes that there has been a violation of Rule 11, the state must then bear the burden of showing, by a preponderance of the evidence, that the court substantially complied with the rule. *Bratcher v. State*, 681 P.2d 358, 361 (Alaska App.1984); *Fulton v. State*, 630 P.2d 1004, 1007 (Alaska App.1981).

Alaska Rule of Criminal Procedure 11(c) provides, in relevant part:

> The court shall not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and
>
> (1) determining that he understands the nature of the charge....

Walsh argues that he did not enter a knowing and voluntary plea because he did not understand the nature of the charges against him. In *Bratcher*, the defendant pled no contest to a charge of receiving stolen property, and was sentenced. 681 P.2d at 360. Bratcher's statements to the court at allocution strongly implied that he did not understand the elements of the charge to which he had pled. *Id.* at 361–63. The trial court failed to inquire further into Bratcher's understanding of the offense. *Id.* We, therefore, set aside Bratcher's conviction and permitted him to withdraw his plea.

 Similarly, during Walsh's allocution, he explained to the court that he had just cashed an income tax check worth approximately $2,000. He had been visiting friends at the Pioneer Hotel prior to eating at the Black Angus Restaurant. When he realized that he did not have his wallet, he tried to get back to the hotel to get it. He said he would have paid for the sandwich had he been permitted to do so. Under the theory of the prosecution, Walsh had to knowingly obtain his meal by deception. In other words, the state was obligated to prove that at the time Walsh ordered the steak sandwich, he knew that the restaurant would not be compensated. While it is true that his leaving without paying established a prima facie case, it was by no means conclusive. A jury could have credited Walsh's explanation.

 Under the circumstances, the magistrate had a duty to ensure that Walsh understood the offense and understood that he could not be found guilty if the jury believed his explanation. It is certainly true that a jury would not be obligated to believe his explanation and that a person has a right to plea no contest even though he claims innocence. *Miller v. State*, 617 P.2d 516, 519 (Alaska 1980). Nevertheless, when a defendant, particularly one who is not represented by counsel, offers an explanation at allocution consistent with innocence, the court is obligated to ascertain that the defendant understands the elements of the offense but wishes to plea no contest, despite the knowledge that if a jury accepted the explanation, the defendant could be exonerated. *Bratcher*, 681 P.2d at 361 n. 3. Accordingly, we conclude that Magistrate Slater's failure to address Walsh personally to determine his understanding of the nature of the offense, in light of his claim of

---

6. "Fight" and "fighting" are not defined in the statutes. We must, therefore, look to common usage to determine their meaning. AS 01.10.-040. Generally, we look to a dictionary to determine common usage. *Walker v. State*, 742 P.2d 790, 791 (Alaska App.1987). The word "fight" means to struggle against a person in physical combat. Oxford American Dictionary, 240 (1980).

7. The right to self-defense is defined in AS 11.-81.330(a), which provides, in relevant part:

> A person may use non-deadly force upon another when and to the extent the person reasonably believes it is necessary for self defense against what the person reasonably believes to be the use of unlawful force by the other....

innocence, requires that Walsh be permitted to withdraw his plea of *nolo contendere* and reinstate his original plea of not guilty.

The conviction is REVERSED and this case is REMANDED.[8]

---

8. Walsh's explanation was inconsistent with the criminal intent necessary to his conviction of theft of services. AS 11.46.200. He did not directly rebut the claim that he had engaged in fighting with Borkowski. In our view, however, the two charges are so intertwined that Walsh should be permitted to withdraw his plea as to both charges. Walsh's guilt of disorderly conduct turns in part on whether he was engaged in "self-defense" in connection with "fighting" with Borkowski. It appears that Borkowski attempted to restrain Walsh on the sidewalk outside the restaurant. Arguably, Borkowski was authorized to make a citizen's arrest of Walsh for failing to pay for the steak sandwich. AS 11.81.-390. The revised code does not directly pre-clude a person from using force to resist a private person's arrest. *See* AS 11.81.400 (precluding use of force to resist an arrest by a police officer). On the other hand, if Walsh knew that Borkowski was attempting a citizen's arrest and was authorized to do so, she would not be using "unlawful" force on him, eliminating his right to resist her. AS 11.81.330(a). Since Walsh's defense turns on what he reasonably believed, his right to self-defense, and, therefore, his guilt or innocence of disorderly conduct is inextricably intertwined with his defense to the charge of theft. Therefore, Walsh should be permitted to withdraw his plea as to both charges.