Roy A. FAGAN, Appellant,

v.

STATE of Alaska, Appellee.

No. A-2969.

Court of Appeals of Alaska.

Oct. 6, 1989.

Matthew W. Claman, Asst. Public Defender, Juneau, and John B. Salemi, Public Defender, Anchorage, for appellant.

Margot O. Knuth, Asst. Dist. Atty., and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Roy A. Fagan pled no contest and was convicted of one count of sexual assault in the first degree, an unclassified felony, in violation of AS 11.41.410(a)(1). The maximum punishment for sexual assault in the first degree is thirty years' imprisonment. AS 12.55.125(i). Presumptive terms are, respectively, fifteen years for a second felony offender, and twenty-five years for a third felony offender. AS 12.55.125(i)(3)–(4). Fagan received a sentence of twenty-five years with four years suspended and he appeals. We affirm.

Fagan picked up a hitchhiker and sexually assaulted her using a knife to overcome her resistance. He has previously been convicted of sexual assault in Washington and had served a five-year term. The instant case constitutes a second-felony conviction making Fagan subject to a fifteen-year presumptive term. AS 12.55.125(i)(3).

In addition, the superior court found two aggravating factors: first, "the defendant employed a dangerous instrument [a knife] in furtherance of the offense," AS 12.55.-155(c)(4), and second, the defendant had "a criminal history of repeated instances of conduct violative of criminal laws, whether punishable as felonies or misdemeanors, similar in nature to the offense for which the defendant is being sentenced under this section," AS 12.55.155(c)(21).

The trial court assigned one additional year for the use of a dangerous instrument and five additional years for the criminal history resulting in an enhanced term to serve of twenty-one years. The court imposed an additional four years, which were suspended,[1] and probation of five years. Fagan concedes that he employed a dangerous instrument. He denies, however, that he has a criminal history of repeated instances of sexual assault. The trial court based its finding on admissions Fagan made to therapists in connection with a treatment program which he briefly attended as a result of his earlier Washington conviction. Fagan told the therapist that he had committed a number of sexual assaults on male and female victims. None of these assaults resulted in charges or are otherwise corroborated.

Fagan argues that in order for prior conduct to qualify as "criminal history" it must result in criminal convictions. The trial court disagreed and found that the aggravating factor could be based on Fagan's uncorroborated admission of prior violations of criminal laws, whether or not the violation resulted in criminal charges and criminal convictions.

In reaching this conclusion, the trial court was troubled by the legislature's use of the adjective criminal to modify history in the phrase, "the defendant has a criminal history of repeated instances of conduct violative of criminal laws." AS 12.55.-155(c)(21). In the court's view, the sentence, "the defendant has a history of repeated instances of conduct violative of criminal laws" would say the same thing so

---

1. The trial court added the suspended time "because there ought to be a lengthy re-entry period in which the defendant, although released from jail, is under probation authorities."

that the use of the term criminal to modify history rendered the word criminal redundant or unnecessary. In Fagan's view, the term "criminal history" means that the defendant has previously been convicted of offenses.[2]

Where the legislature uses a term or phrase defined in the statute, we follow the statutory definition. In other cases, we look to common usage. *See* AS 01.10.040; *Walker v. State*, 742 P.2d 790, 791 (Alaska App.1987). Generally, we look to a dictionary to determine common usage. *Id.* at 791; *see State v. Weaver*, 736 P.2d 781, 782 (Alaska App.1987) (dictionary used to determine meaning of term "gravity knife"). The terms criminal, crime, and offense are not defined in Title 12 of our statutes. The terms are defined in Title 11 as follows: AS 11.81.900(b)(9) provides: "'Crime' means an offense for which a sentence of imprisonment is authorized; a crime is either a felony or a misdemeanor"; while AS 11.81.900(b)(33) provides: "'Offense' means conduct for which a sentence of imprisonment or fine is authorized; an offense is either a crime or a violation." The dictionary defines "criminal" as: "1: involving or being a crime 2: relating to a crime or its punishment ... 3: guilty of a crime or serious offense." *Webster's Third New International Dictionary*, 536 (1966).

Looking at these various definitions, we are satisfied that the term "criminal history" does not connote or denote past criminal convictions, but merely past conduct violative of criminal laws. We therefore agree with the trial court that the terms in the aggravating factor are in part redundant and the first use of the term "criminal" surplusage. The trial court did not err in concluding that a series of adequately verified sexual assaults which do not result in criminal charges or criminal convictions, may nevertheless, satisfy the aggravating factor.[3]

 Fagan next argues that his total sentence is excessive. The record reflects that Fagan had previously been convicted of sexual assault and was referred to the Washington State Therapeutic Sexual Offender Program. He was rejected from the program on the basis that he was not amenable to treatment and served a five-year sentence before coming to Alaska and committing his instant offense. As the trial court found, Fagan has admitted to multiple sexual assaults including both men, women, and children as victims. Under the circumstances, the trial court did not err in imposing the sentence it did. Fagan's sentence is not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence of the superior court is AFFIRMED.[4]

---

**2.** In the trial court, Fagan argued that a past criminal history could not be found based solely on his own admissions without establishing a *corpus delecti. See Armstrong v. State*, 502 P.2d 440, 446–48 (Alaska 1972). Fagan also argued that the admissions to the Washington therapist were not sufficiently verified for use in an Alaska sentencing. *See, e.g., Hamilton v. State*, 771 P.2d 1358, 1361–64 (Alaska App.1989). These arguments are not renewed on appeal.

**3.** The legislature which added AS 12.55.-155(c)(21) to the list of aggravating factors amended AS 12.55.155(c)(8) to provide:

"[T]he defendant's prior criminal history includes conduct involving aggravated or repeated instances of assaultive behavior." The provision had previously required prior convictions. The accompanying commentary makes it clear that the legislature did not consider the phrase criminal history to re-

quire criminal convictions. *See* 1982 House Journal Supp. No. 63 at 18 (June 1, 1982). The legislature's treatment of (c)(8) supports our construction of (c)(21).

**4.** We note that Fagan's total sentence of twenty-five years is equal to the presumptive sentence for a third felony offender. Four of those years are suspended so that Fagan will serve twenty-one years. When we review sentences, we normally focus primarily on the time to serve in determining if a sentence is excessive. *Gibbs v. State*, 676 P.2d 606, 608 (Alaska App.1984). However, it is necessary that we consider the total sentence imposed. *Ferreira v. State*, 602 P.2d 803, 806 (Alaska 1979). Given Fagan's criminal history, the total sentence is not clearly mistaken.